# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

MARJORIE STOUT,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. C14-3037-LTS

ORDER REGARDING PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY FEES

_____

## I. INTRODUCTION

This matter is before me on plaintiff's application (Doc. No. 20) for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On August 19, 2016, I entered an order (Doc. No. 18) reversing and remanding the decision of the Commissioner of Social Security (Commissioner). Plaintiff now requests an award of attorney fees in the amount of $7,357.22. Plaintiff has submitted a declaration and other materials in support of the motion (Doc. No. 20-1). She also requests $350.00 from the judgment fund to reimburse filing fees.

The Commissioner has filed a response (Doc. No. 21) stating that she has no objection to entry of an EAJA award, to be paid by the Social Security Administration, and asks that the award be made payable to plaintiff so it will be subject to offset to satisfy any pre-existing debt plaintiff may owe to the United States. Doc. No. 21 at 2 (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)). However, the Commissioner notes a multiplication error in the plaintiff's fee calculations and states that the plaintiff is actually entitled to an award of $7,357.20 (a difference of two cents).[1] Finally, the Commissioner

---

[1] The Commissioner is correct. In the plaintiff's summary fee request sheet (Doc. No. 20-1 at 1), the plaintiff states that a rate of $190.05 over eight hours equals $1,520.42, while the correct total is $1,520.40.

contends plaintiff is not entitled to a filing fee reimbursement because she was granted *in forma pauperis* status (Doc. No. 2) and did not pay a filing fee. Plaintiff has filed a reply withdrawing the filing fee claim. Doc. No. 22.

## II. DISCUSSION

### A. *Legal Standards*

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under EAJA. 28 U.S.C. § 2412(d). The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id*. § 2412(d)(1)(A) (emphasis added). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (finding no special circumstances but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"). The Eighth Circuit has, however, specifically addressed when a position is "substantially justified." *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

2

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))).

To obtain an EAJA award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). However, "the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004). The government may waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart,* 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [the applicable statutory amount at the time], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party

shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). Attorney fees awarded under EAJA are payable to the litigant, not directly to the litigant's attorney. *Ratliff*, 560 U.S. at 591-94.

B.  *Analysis*

I find plaintiff is a "prevailing party" and the Commissioner, by not objecting to the payment of the requested award (as corrected above), has not shown either "substantial[] justi[fication]" or "special circumstances" to preclude an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(1)(A). I further find plaintiff has established that the hourly rates requested for attorney time are permissible pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii)[2] and that the total hours requested are reasonable. Thus, I find plaintiff's request for an award of fees to be reasonable and appropriate. Plaintiff is entitled to an EAJA award in the amount of $7,357.20, to be paid by the Social Security Administration.

The EAJA award shall be made payable to plaintiff and is subject to offset to satisfy any pre-existing debt plaintiff may owe to the United States. *Ratliff*, 560 U.S. at 593. Nonetheless, plaintiff requests that it be delivered to her attorney. Doc. No. 20 at 2. This court has previously found that such a request is appropriate *if* it is consistent with the Commissioner's and the Department of Treasury's practices. *Kunik v. Colvin*, No. C13–3025–LTS, 2014 WL 1883804, at *3 (N.D. Iowa May 12, 2014); *Tracy v. Colvin*, No. C11–3072–MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013).

---

[2] Plaintiff has demonstrated, by declaration and other evidence, that an increase in the cost of living justifies hourly rates in excess of $125. *See* Doc. No. 20-1 at 6-7.

### III. CONCLUSION

Based on the foregoing, plaintiff's application (Doc. No. 20) for an award of attorney fees under the Equal Access to Justice Act is **granted**. Plaintiff is hereby awarded attorney fees in the amount of **$7,357.20**, to be paid by the Social Security Administration. If consistent with the Commissioner's and the Department of Treasury's practices, the EAJA payment may be mailed to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE